WRIGHT *v.* VINCENT.

5-1577                                        313 S. W. 2d 849

Opinion delivered June 9, 1958.

[Rehearing denied July 1, 1958.]

*Rhine & Rhine,* for appellant.

*French & Camp* by *Gus R. Camp,* for appellee.

PAUL WARD, Associate Justice. This is an appeal by Ivan C. Wright, appellant, from an adverse judg-

ment in an ejectment action brought against him by Homer Vincent, appellee. The decisive issue relates to the sufficiency of the description of the parcel of land involved.

In March, 1957 appellee filed a complaint in ejectment against appellant in which it was alleged: He is the owner of and entitled to possession of "A part of the NE¼ of NW¼ of Section 26, Township 19 North, Range 7 East, more particularly described as Lot 5 of the NE¼ of the NW¼ of Section 26, Township 19 North, Range 7 East of Laffler's Survey to the town of Rector, Arkansas"; He is the owner of said property by virtue of a chancery court decree, dated December 6, 1956, quieting title in him, a copy of which decree is attached and marked Exhibit "A"; On December 7, 1956 appellant took possession of said property by placing a fence around it, is still in possession, and refuses to surrender possession thereof to appellee. The prayer was for possession, costs, and a Writ of Assistance.

Later in March, 1957 appellant filed his answer to the above complaint, entering a general denial, and also stating: He admits the chancery decree of December 6, 1956 mentioned before which quieted title in appellee by the description set forth in the previous paragraph; He specifically denies that he is in possession of the land described in said chancery decree, and; He admits he did on December 7, 1956, fence and take possession of a certain parcel of land described as follows: "That part of the Northeast Quarter of the Northwest Quarter of Section 26, Township 19 North, Range 7 East, more particularly described as follows: Begin at the Northeast Corner of the Northeast Quarter of the Northwest Quarter of Section 26, Township 19 North, Range 7 East, thence West 837.3 feet to point of beginning proper; thence South 3 degrees 05 feet West 378.2 feet; thence North 45 degrees 31 feet West 326.7 feet to Railroad right of way; thence North 43 degrees 26 feet East 204.6 feet to Section line; thence East 112.6 feet to point of beginning proper, less and except the right of way of State Highway Nos. 1 and 39 crossing said tract." Further an-

swering appellant states he has occupied and claimed the land above described since June 24, 1946 and is still in possession thereof, and that the description under which appellee claims title is void and describes no land that can be identified or located by use of said description. Other pleadings were filed but they are not material to the issue.

A lengthy trial ensued upon the pleadings thus joined, and many exhibits, including an abstract of title, were introduced in evidence. Under the view we take most of the testimony and exhibits are not material, and we shall refer to them only as is deemed necessary.

The trial court, sitting as a jury by agreement, found "that the two above described parcels of land are one and the same and that the plaintiff (appellee here) has deraigned sufficient title to be entitled to possession thereof . . .", and gave appellee judgment against appellant "for possession of the above described premises under either of the two aforesaid descriptions." It is our conclusion that the judgment of the trial court should be affirmed.

Exhibit "A" to appellee's complaint shows, and appellant admits, that on December 6, 1956 the chancery court entered a decree quieting title in appellee to the parcel of land first above described. From that decree we find that Ivan C. Wright (appellant here) was made a party defendant, that he filed an answer and that he was represented by counsel. In the decree it also appears the court found "that neither the plaintiff (appellee here) nor defendant (appellant here) is in physical possession of the above described premises, but that plaintiff is in constructive possession." The chancery court then decreed "that the title to the above described premises is hereby quieted in the plaintiff against all persons whatsoever . . .", and adjudged all costs against Ivan C. Wright. Ivan C. Wright prayed an appeal from the chancery decree to the Supreme Court, but none was ever taken.

The record discloses that on December 7, 1956 (the next day after the above decree was rendered) appellant

took possession of the parcel of land in question by placing a fence around it and placing thereon certain items of personal property.

We think the decree of December 6, 1956 settles the issue in this case in favor of appellee. In *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660, this court said: "It has long been recognized, in cases like this, that the plaintiff must recover on the strength of his own title, whether the case be in ejectment or one to quiet title." This burden, therefore, was on Vincent when he sued Wright to quiet his title to this parcel of land, and the court there held that Vincent sustained that burden. Any defenses available to Wright should have been made at that time, and they are not available to him now.

Appellant strenuously contends that the present cause in ejectment should be reversed because he and appellee are talking about two entirely different parcels of land, and that appellee's description is so indefinite that it locates no certain parcel of land. The testimony of two surveyors was to this effect. We think, however, there are several facts and circumstances which constitute substantial evidence to sustain the finding of the circuit judge (sitting as a jury) that both descriptions describe the same parcel of land.

*One.* It will be noted that appellee's land, in addition to being a part of NE¼ of NW¼, Sec. 26, Twp. 19 N. R. 7 E, is described as Lot 5 of Laffler's Survey of the Town of Rector, Arkansas. This record contains a Plat of this Addition, shown to be of record in the circuit clerk's office since 1935. Lot 5 appears on that Plat to be plainly indicated. The southwest border is a straight line 270 feet long (the dividing line between Lot 5 and Lot 6), it is bounded on the east by an alley, and on the north and west by a state highway. The highway on the west runs along the east side of the tracks of the St. Louis S. W. Ry. Co. The Plat also shows some dozen blocks, each divided into Lots with all dimensions given. The testimony shows that several families live in this addition. From all this we are led to believe that Lot 5 can be located with reasonable certainty.

*Two.* It is unrealistic to believe Wright and Vincent are talking about two separate parcels of land. This is demonstrated by the record in various ways. (a) The day after the chancery court quieted appellee's title to Lot 5 appellant put a fence around the exact parcel of land in question. (b) All parties must have known where the land was located because appellee had a fence around it and pastured it for 7 or 8 years prior to 1946. (c) Appellant evidently knew where the land was located because he must have pointed it out to the surveyor he employed to run the metes and bounds description in December, 1956. Otherwise, how could the surveyor have known what land to describe? (d) The record shows that several persons knew where the land was located long before it was described by a surveyor. They testified as to who had and who had not occupied it.

Affirmed.